UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED CERTIFICATEHOLDERS OF BEAR STEARNS COMMERCIAL MORTGAGE SECURITIES II INC., COMMERCIAL MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-PWR-11<br>       Plaintiff<br><br>           vs.<br><br>SCRANTON CENTER HOLDINGS, LP,<br>       Defendant | : : : : : : : : : : : : : : : : : : CIVIL NO. 1:10-CV-1251 |

*M E M O R A N D U M*

*I.*     *Introduction*

We are considering a motion for summary judgment filed by Plaintiff, Bank of America, National Association ("Bank of America"). This matter involves the attempted foreclosure by Plaintiff of property owned and mortgaged by Defendant, Scranton Center Holdings ("SCH").

*II.*     *Background*

Plaintiff is a national banking association with its principal place of business in North Carolina. Defendant, SCH, is a Pennsylvania limited partnership with its

principal place of business in New Jersey. On May 19, 2005, Wells Fargo Bank, National Association made a loan (the "Loan") to Defendant in the amount of $6,000,000 pursuant to the terms and conditions of a Promissory Note Secured by Mortgage (the "note"). To secure payment under the note, a mortgage (the "mortgage") was executed to the Mortgage Electronic Registration Systems, Inc. ("MERS"), the nominee of Wells Fargo, on May 19, 2005. The mortgage was recorded on June 22, 2005 at the Recorder of Deeds of Lackawanna County. The mortgaged premises is located at 401 Adams Avenue, City of Scranton, Lackawanna County, Pennsylvania.

Defendant admits that it "has not made payment relating to the subject mortgage since on or before December 1, 2009." (doc. 49, ¶ 14). Defendant, however, denies that it is in default. (doc. 49, ¶¶ 15-16).

Plaintiff alleges that Wells Fargo assigned the note to it through an indorsement stamped on the back of the note itself. Plaintiff also asserts that MERS assigned the mortgage to it. The assignment of the mortgage became effective on March 1, 2006, and Plaintiff recorded the assignment on May 26, 2010 at the Recorder of Deeds of Lackawanna County. Defendant disputes the assignments and argues that Plaintiff has failed to provide admissible evidence in support of its claims.[1]

*III.        Discussion*

---

[1] Plaintiff contends that Defendant admitted that Plaintiff was assigned the mortgage by failing to respond to a request for admissions. Defendant argues that the requests for admission do not refer to the assignment. Upon examination of the requests, we agree with Defendant that they make no reference to the assignment of the mortgage.

*A. Standard of Review*

We will examine the motion for summary judgment under the well-established standard. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact."). We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant." Id. "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011). Pursuant to Federal Rule of Civil Procedure 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2).

*B. Bank of America Has Standing to Bring the Instant Suit*

Plaintiff moves for summary judgment, asserting that Defendant has admitted it has not made payments under the loan. "In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." Chemical Bank v. Dippolito, 897 F. Supp. 221, 224 (E.D. Pa. 1995).

Defendant admits it obtained a loan from Wells Fargo that was secured by a mortgage in favor of MERS, meeting the first requirement in a mortgage foreclosure

3

action.  Plaintiff argues that it is the rightful holder of the note and the mortgage, and any obligation under these instruments is now owed to Plaintiff.  In support of its claims, Plaintiff provides a copy of the note with a stamped indorsement on the reverse side (doc. 79-1) and a copy of the mortgage assignment (Doc. 1-9).  Defendant argues that Plaintiff has not established these facts with admissible evidence, because it failed to identify any witness from Wells Fargo or MERS who can authenticate the assignment of the note or mortgage.  However, Plaintiff has provided sufficient evidence of standing by providing the promissory note and mortgage, the document assigning the promissory note and mortgage, and an affidavit attesting to the damages.  See HSBC Bank USA, N.A. v. Keenhold, 2009 U.S. Dist. LEXIS 16081, *5 (M.D. Pa. 2009); First Wisconsin Trust Co. v. Strausser, 653 A.2d 688, 692 (Pa. Super. 1995) (finding general denials in mortgage foreclosure actions constitute admissions) .  Defendant has failed to provide any evidence that would create a genuine issue of a material fact as to Plaintiff's standing.  We find that Plaintiff has standing to bring the instant suit against Defendant and collect payment pursuant to the note and mortgage.

### C. Whether Defendant Defaulted on the Mortgage

Having determined that Bank of America has standing and Defendant has an obligation secured by a loan, the only remaining issue is whether Defendant defaulted on the mortgage.  Although Defendant asserts that it has not defaulted, it admits to failing to make payments since on or before December 1, 2009.  (doc. 49, ¶ 14).  The terms of the loan clearly require payments to be made.  (Doc. 1-2, at 2; Doc. 1-3, at 5).

Pursuant to the mortgage, Defendant is in default when it fails to "pay when due any sums which by their express terms require immediate payment without any grace period." (Doc. 1-3, at 29).[2]  Defendant's failure to make payments constitutes a default under the terms of the loan.

Plaintiff has provided sufficient evidence of default, standing, and damages. Defendant has not provided any evidence that creates a genuine issue of material fact which would preclude summary judgment.

*IV.*       *Conclusion*

For the foregoing reasons, we will grant Plaintiff's motion for summary judgment.  We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

---

[2]  The note provides that the borrower is required to pay interest and a default penalty. (Doc. 1-3, at 6-7).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED CERTIFICATEHOLDERS OF BEAR STEARNS COMMERCIAL MORTGAGE SECURITIES II INC., COMMERCIAL MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006-PWR-11<br>　　　Plaintiff<br><br>　　　vs.<br><br>SCRANTON CENTER HOLDINGS, LP,<br>　　　Defendant | : <br>: <br>: <br>: <br>:   CIVIL NO. 1:10-CV-1251<br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: |

*O R D E R*

AND NOW, this 31st day of May, 2012, upon consideration of Plaintiff's motion for summary judgment (Doc.72), and Defendant's response thereto, and pursuant to the accompanying memorandum, it is ordered that:

　　1. Plaintiff's motion for summary judgment is GRANTED.

　　2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant.

6

3.  The amount due under the note and mortgage is fixed at $6,253,584.41, together with interest thereon in the amount of $885.4058 per day from and after May 1, 2010 until the Mortgaged Premises is sold at foreclosure sale, together with default interest thereon in the amount of $783.5440 per day from and after May 1, 2010 until the Mortgaged premises is sold at foreclosure sale, together with attorneys' fees; and

4.  Foreclosing all right, title, lien and equity of redemption which Defendant and all those claiming by, through or under it has or had in the Mortgaged Premises located at 401 Adams Avenue, City of Scranton, Lackawanna County, Pennsylvania and in the collateral secured by the UCC-1 Financing Statements given by Defendant;

5. The Mortgaged Premises shall be sold at foreclosure sale, with the Receiver appointed in this action having the power and authority pursuant to 28 U.S.C. Section 2001, et sec. to conduct said foreclosure sale.

/s/William W. Caldwell
William W. Caldwell
United States District Judge